**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Brittney Plesser**, OSB #154030
Email: bplesser@ojrc.info
**Alex Meggitt**, OSB #174131
Email: ameggitt@ojrc.info
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270 ext. 212
Facsimile: 971-275-1839

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MICHAEL RUDY TORRES,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF COLUMBIA, and DEPUTY RYAN DEWS,<br><br>Defendants. | Case No. 3:19-cv-01223<br><br>COMPLAINT<br>Violation of Civil Rights (42 U.S.C. §1983) for excessive force in violation of the Fourth Amendment.<br>State Tort Claim (Battery)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

This is a Civil Rights and State Tort action stemming from Defendants' unconstitutional, unnecessary, and intentional violence against Mr. Torres, that caused him serious physical injury and pain. Despite Mr. Torres informing Deputy Dews of his inability to move quickly due to a recent surgery to his shoulder, Deputy Dews proceeded to grow impatient, twisting Mr. Torres's healing arm behind his back and slamming him to the ground. Mr. Torres has had to seek corrective medical intervention because of this, including surgery, and has incurred present and future medical expenses.

Page 1
COMPLAINT

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).  The acts and practices alleged herein occurred in Columbia County, Oregon.

## PARTIES

3. At the time of filing, Plaintiff Michael Rudy Torres is resident of Columbia County, Oregon.

4. Defendant Deputy Dews was an officer with Columbia County Sheriffs (hereinafter, "CCS") during all relevant times.  At all times relevant, Deputy Dews was acting under color of state law.

5. Defendant County of Columbia is a political subdivision of the State of Oregon, with the capacity to sue and be sued.  Deputy Dews is an agent of Defendant County of Columbia.

## FACTUAL ALLEGATIONS

6. On August 11, 2017, Mr. Torres was at home when Deputy Dews arrived at Mr. Torres's residence to effectuate his arrest for an alleged violation of a pending restraining order. The restraining order was later dismissed.

7. Not understanding why Deputy Dews was arresting him, Mr. Torres needed a moment to collect his thoughts. Moreover, due to a recent shoulder surgery, it was difficult for Mr. Torres to move at a speed one might expect to be normal for a man of his age.

8. Deputy Dews grew increasingly agitated and impatient, so he decided to enter Mr. Torres's home, demanding that Mr. Torres exit the home immediately.

9. Mr. Torres did his best to comply, but being post-operative, could not move fast enough for the impatient Deputy.

10. Mr. Torres told Deputy Dews about his condition and received increased hostility.

11. Mr. Torres had managed to get halfway down his driveway when Deputy Dews tried to get Mr. Torres to move faster by twisting his arm behind his back, despite knowing about his surgery, causing extreme pain for Mr. Torres.

12. Already having Mr. Torres in a arm twist, Deputy Dews then body slammed Mr. Torres onto the concrete of the driveway, further severely injuring Mr. Torres.

13. Mr. Torres has had to seek corrective medical intervention because of this, including surgery, and has incurred present and future medical expenses.

14. Following this incident, Deputy Dews was never disciplined or subject to any supervision, training, or review related to this incident.

### CLAIMS FOR RELIEF

15. Defendant Dews is a person within the meaning of 42 U.S.C. 1983.

16. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

///

## CLAIM 1: VIOLATION OF FOURTH AMENDMENT
### (Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)

17.It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

18.In taking the actions described above, including but not limited to twisting Mr. Torres's arm and slamming his body on a concrete driveway, Defendant Dews intentionally violated Mr. Torres's right to be free from excessive force, guaranteed by the Fourth Amendment to the United States Constitution.

19.Defendant Dews violated rights held by Mr. Torres which were clearly established, and no reasonable official similarly situated to Defendant Dews could have believed that his or her conduct was lawful or within the bounds of reasonable discretion. Defendant Dews therefore does not have qualified or statutory immunity from suit or liability.

20.The actions of Defendant Dews, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Mr. Torres. As a result of said intentional conduct, Mr. Torres is entitled to punitive damages against Defendant Dews, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

21.The unreasonable seizure of Mr. Torres was the direct and proximate cause of bodily injury, pain, suffering, loss of liberty, mental and emotional suffering, medical expenses, worry, fear, anguish, shock, anxiety, and nervousness. Mr. Torres is entitled to all of his damages in an amount to be ascertained according to proof at trial.

///

///

## CLAIM 2: BATTERY
### (State Tort — Respondeat Superior)

22. Through its agent, Deputy Dews, Defendant County of Columbia is liable for an action in State Tort.

23. Deputy Dews intended to cause harmful or offensive contact with Mr. Torres when he twisted Mr. Torres's healing arm and slammed his body to the concrete, necessitating corrective surgery.

24. Deputy Dews' actions directly caused a harmful or offensive contact with Mr. Torres.

25. As a direct cause of the Defendant County of Columbia's agent's action, Mr. Torres suffered bodily injury, pain, suffering, loss of liberty, mental and emotional suffering, medical expenses, worry, fear, anguish, shock, anxiety, and nervousness.  Mr. Torres is entitled to all of his damages in an amount to be ascertained according to proof at trial.

## CLAIM 3: VIOLATION OF FOURTH AMENDMENT
### (Illegal Seizure; Failure to Train—42 U.S.C. § 1983—*Monell* Liability)

26. Defendant Dews acted under color of state law and, as described in Claims 1 and 2, deprived Mr. Torres of his particular rights under the United States Constitution.

27. Defendant Dews was following a practice or custom of Defendant County of Columbia to cause the deprivation of Mr. Torres's right to not be illegally seized.  Furthering this practice, Defendant County has either failed to train its officers to not use excessive force against disabled individuals or has ratified improper training on this point.  Additionally, the County has not properly trained their employees on proper de-escalation techniques. These repeated constitutional violations have not been properly investigated, nor has the violator been disciplined, reprimanded or punished for this incident.

28.     As a result of the above-described conduct, Defendants caused Mr. Torres to suffer physical pain, emotional distress, medical expenses, discomfort, fear, frustration, and humiliation, including attendant physical symptoms of emotional distress, in an amount to be determined by a jury.

## DEMAND FOR JURY TRIAL

29.     For all claims alleged in this Complaint, Plaintiff demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

30.     42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

31.     Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Mr. Torres against Defendants for their damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: August, 6 2019.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
PO Box 5248
Portland, OR 97208

*LEAD ATTORNEY*