IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL RUDY TORRES,** | 3:19-cv-01223-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **COUNTY OF COLUMBIA and DEPUTY RYAN DEWS,** | |
| Defendants. | |

**MICHAEL RUDY TORRES**
1732 Cherokee Road. Spc 12
Stockton, CA 95205
(305) 767-3959

    Plaintiff, *Pro Se*

**AARON HISEL**
Law Office of Gerald Warren and Associates
901 Capitol Street N.E.
Salem, OR 97301
(503) 480-7250

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendants' Motion (#75) to Require Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action. The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion.

For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### BACKGROUND

On August 6, 2019, Plaintiff Michael Torres filed a Complaint in which he brings (1) a claim against Columbia County Sheriff's Deputy Ryan Dews for excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) a claim against Columbia County for failure to train pursuant to 42 U.S.C. § 1983;[1] and (3) a state-law claim against Columbia County for battery.

On January 11, 2021, Defendants filed a Motion to Compel Discovery and Request for Sanctions.

On February 23, 2021, the Court heard oral argument on Defendants' Motion to Compel and, among other things, granted Defendants' request for sanctions to the extent that the Court

---

[1] Plaintiff dismissed this claim with prejudice and without costs on May 27, 2021.

2 - OPINION AND ORDER

granted Defendants leave to file a motion for attorney fees and costs incurred by Defendants as a result of Plaintiff's failure to provide discovery.

On April 27, 2021, Defendants filed a Motion for Imposition of Fees Under FRCP 37.

On May 19, 2021, the Court issued an Opinion and Order in which it concluded Defendants were entitled to attorney fees pursuant to Rule 37 on the grounds that Plaintiff's conduct necessitated the Motion, Defendants filed the Motion only after attempting to obtain the discovery in good faith, Plaintiff's nondisclosure was not substantially justified, and there were not any other circumstances that would make an award of expenses unjust.  Accordingly, the Court granted Defendants' Motion for Imposition of Fees and awarded attorney fees to Defendants in the amount of $7,437.

On October 13, 2021, Plaintiff's counsel filed a Motion to Withdraw.  The Court held a hearing on October 18, 2021, granted counsel's Motion to Withdraw, and directed Plaintiff to determine whether he would proceed *pro se* or obtain new counsel.

On November 22, 2021, the Court held a status conference to determine whether Plaintiff intended to proceed *pro se* or with counsel.  Plaintiff advised the Court that he was attempting to find counsel.  Accordingly, the Court set a status conference on December 13, 2021, to provide Plaintiff with additional time to

3 - OPINION AND ORDER

obtain counsel.

The Court held a telephone status conference on December 13, 2021, but Plaintiff failed to join the telephone call. In response to Defendants' request, the Court directed Defendant to file a motion to require Plaintiff to pay the attorney fees awarded to Defendants as a condition of maintaining this action.

On December 22, 2021, Defendants filed a Motion to Require Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action.

On December 23, 2021, the Court entered an Order advising Plaintiff that his Response to Defendants' Motion was due no later than January 12, 2022.

Plaintiff did not file an response by January 12, 2022. On January 19, 2022, the Court contacted Plaintiff via email and advised Plaintiff that his response to Defendants' Motion was overdue, that Plaintiff must file a request for extension of time to file a response if he intended to file a response, and if he did not file a response the Court would rule on Defendants' Motion without any response from Plaintiff.

On January 19, 2022, Plaintiff responded via email and requested the Court appoint counsel.

4 - OPINION AND ORDER

**DISCUSSION**

I.  **Plaintiff's Request for Counsel**

There is "no general [constitutional] right to counsel in civil cases." *John v. Quality Loan Serv. Corp of Wa.*, 857 F. App'x 943, 944 (9th Cir. 2021)(citing *Turner v. Rogers*, 564 U.S. 431, 441 (2011), *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996)).  28 U.S.C. § 1915(e) permits courts to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Plaintiff, however, has not established he is indigent.  In addition, there are no exceptional circumstances that require the appointment of counsel in this matter.  The Court, therefore, denies Plaintiff's request for appointment of counsel.

II.  **Analysis**

In their Motion to Require Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action Defendants note the Court awarded Defendants attorney fees in the amount of $7,437.00 on May 19, 2021, on the grounds that Plaintiff failed to provide information sought by Defendants in discovery, delayed providing information to Defendants, deleted relevant information from his social media, and made misleading representations during discovery.  In addition, although Plaintiff is currently unrepresented, he was represented by

counsel throughout discovery as well as during the course of Defendants' Motion to Compel, Defendants' Motion for Sanctions, and the Court's May 19, 2021, Opinion and Order.

Plaintiff has failed to pay Defendants their attorney fees awarded by the Court and to provide any response to Defendants' Motion to Require Plaintiff Pay or Deposit Costs explaining Plaintiff's failure to pay.  The Court, therefore, **GRANTS** Defendants' Motion; **ORDERS** Plaintiff to pay to Defendants or to deposit with the Court $7,437.00 no later than March 21, 2022; **DIRECTS** Defendants to advise the Court no later than March 22, 2022, whether payment has been made; **STAYS** resolution of any outstanding discovery issues; and **ADVISES** Plaintiff that failure either to pay Defendants or to deposit funds with the Court as set out in this Opinion and Order will result in dismissal of this action for failure to comply with the Court's orders.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#75) to Require Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action; **ORDERS** Plaintiff to pay to Defendants or to deposit with the Court $7,437.00 **no later than March 21, 2022**; **DIRECTS** Defendants to advise the Court **no later than March 22, 2022**, whether payment has been made; **STAYS** resolution of any outstanding discovery issues; and **ADVISES**

6 - OPINION AND ORDER

Plaintiff that failure either to pay Defendants or to deposit funds with the Court as set out in this Opinion and Order will result in dismissal of this action for failure to comply with the Court's orders.

    IT IS SO ORDERED.

    DATED this 21st day of January, 2022.


                                       S/ Anna J. Brown
                                       ANNA J. BROWN
                                       United States Senior District Judge