**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

MICHAEL RUDY TORRES,                              3:19-cv-01223-BR

              **Plaintiff,**                              ORDER

v.

**COUNTY OF COLUMBIA and**
**DEPUTY RYAN DEWS,**

            **Defendants.**

**MICHAEL RUDY TORRES**
1732 Cherokee Road
Spc 12
Stockton, CA 95205
(305) 767-3959

          Plaintiff, *Pro Se*

**AARON HISEL**
Law Office of Gerald Warren and Associates
901 Capitol Street N.E.
Salem, OR 97301
(503) 480-7250

         Attorneys for Defendants

1 - ORDER

**BROWN, Senior Judge.**

On August 6, 2019, Plaintiff Michael Torres filed a Complaint in which he brought (1) a claim against Columbia County Sheriff's Deputy Ryan Dews for excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) a claim against Columbia County for failure to train pursuant to 42 U.S.C. § 1983;[1] and (3) a state-law claim against Columbia County for battery.

On January 11, 2021, Defendants filed a Motion to Compel Discovery and Request for Sanctions.

On February 23, 2021, the Court heard oral argument on Defendants' Motion to Compel, granted Defendants' request for sanctions to the extent that the Court granted Defendants leave to file a motion for attorneys' fees and costs incurred by Defendants as a result of Plaintiff's failure to provide discovery, directed counsel to confer for at least one hour every week until the discovery issues were resolved, granted Defendants leave to file an Amended Answer to assert a claim for conduct warranting sanctions beyond discovery costs and attorneys' fees after the close of fact discovery, and amended the fact discovery deadline to May 7, 2021.

On April 16, 2021, the parties filed a Joint Status Report

---

[1] Plaintiff dismissed this claim with prejudice and without costs on May 27, 2021.

2 - ORDER

in which they advised the Court that the parties

> have continued to confer and work towards
> resolution of the discovery disputes that exist as
> directed by the Court.  Despite these efforts,
> there are some records that have still not been
> produced and it has become known that there are
> relevant and responsive documents that can no
> longer be obtained.  Through conferral, the
> parties agree that an appropriate sanction/remedy
> for the remaining disputes would be to bar
> plaintiff from seeking damages related to any
> injuries beyond the date of the incident in
> question.  The parties further agree that
> plaintiff will not produce evidence at trial of
> prior shoulder injuries or treatment, with the
> exception of the surgery he was recovering from at
> the time of the incident.  Limiting trial in this
> manner sufficiently resolves the remaining
> discovery disputes the parties have.

Joint Status Report at 1-2.

On April 27, 2021, Defendants filed a Motion for Imposition of Fees Under FRCP 37 in which they sought attorneys' fees in the amount of $7,437, which Defendants "incurred in making [their] Motion to Compel and plaintiff's related failures to engage in the discovery process."  Defs.' Mot. at 1.  Defendants spent nearly a year "trying to extract relevant discovery from plaintiff through his counsel" before Defendants filed their Motion to Compel.  Defendants at times "received nothing from Plaintiff," at other times received "nothing [from Plaintiff] until the Court was going to be involved," and sometimes were given "deceptive and verifiably false responses" from Plaintiff. Defendants noted this conduct continued after the Court directed counsel to confer for one hour each week.  For example, defense

3 - ORDER

counsel stated in his Declaration:

One of the primary issues surrounded plaintiff's
medical records and his inconsistent responses
during discovery about what treatment he has even
had.  Since the Court's Order, plaintiff had
another surgery on his arms and shoulder.
Plaintiff did produce records related to this
procedure.  This brought the total number of
procedures known through discovery to
approximately 5.  On April 7, 2021, counsel for
the parties arranged to do an inspection of
plaintiff's Facebook page as part of the conferral
of the ongoing discovery disputes.  The manner in
which this was conducted was virtually through
Zoom.  Mr. Chavez had access to Mr. Torres'
account on his end and shared the screen with me
so that I could view, but not interact with
plaintiff's account.  During this inspection,
plaintiff accessed the same account and posted
several pictures of himself in various stages of
recovery from medical procedures – at least one of
which had not been disclosed during discovery –
with the caption:  "15 surgical procedures later!
And this doesn't even count the ones in Mexico!"
Never had plaintiff disclosed any surgeries in
Mexico, nor anywhere close to 15 surgical
procedures.

* * *

The inspection of plaintiff's Facebook account
also showed that plaintiff had manually changed
the URL address for his account from
facebook.com/whatmutufuka to facebook.com/
mylifemattersyourlifematters.  This change made
the URL he had disclosed during discovery no
longer accessible.  I am highly suspicious that
plaintiff deleted numerous amounts of material
from his account to avoid its discovery or
disclosure but cannot prove this to be the case,
with one notable exception.  Many of the photos
plaintiff posted to Facebook while the April 7,
2021 inspection was taking place had been produced
in response to a request for his prior posts to
Facebook.  However, during the inspection of his
Facebook account these photos had been deleted
from his account.

* * *

> Plaintiff initially responded to Interrogatory
> No. 14 indicating that he and a Ms. Stossel, whom
> he lived with during the events in question, had
> been involved in a dissolution proceeding in
> Florida but did not provide the case number or
> date of the filing.  Plaintiff then testified at
> his deposition that he has never been married.
> This issue remained unresolved at the time of the
> Motion to Compel.  During subsequent conferral, on
> March 12, 2021, plaintiff's counsel asserted
> plaintiff had never been married but that he would
> contact counsel in Florida to inquire about the
> nature of the action referred to in the original
> Interrogatory response.  Notwithstanding these
> assurances, even after the Court had granted the
> Motion to Compel, and hours of conferral, nothing
> was ever produced.  Subsequently, I have been able
> to independently identify the following Florida
> cases involving plaintiff, which show every
> response provided to date was materially false.
> Plaintiff was previously married but not to Ms.
> Stossell.  He was involved in an action involving
> himself and Ms. Stossell, but it was a criminal
> battery charge against plaintiff with Ms. Stossell
> as the listed victim.

Decl. of Aaron P. Hisel at ¶¶ 8-10 (citations omitted).

Plaintiff stated in his Response that he did "not oppose Defendants' Motion . . . in the amount claimed."  Pl.'s Resp. at 1.

On May 19, 2021, the Court issued an Opinion and Order in which it concluded Plaintiff's conduct "necessitated the motion . . . to pay [Defendants'] reasonable expenses incurred in making the motion, including attorney's fees."  The Court also concluded Defendants filed the Motion only after attempting to obtain the discovery in good faith, that Plaintiff's nondisclosure was not

substantially justified, and that there were not any other
circumstances that would make an award of expenses unjust.
Accordingly, the Court granted Defendants' Motion for Imposition
of Expenses Under FRCP 37 and awarded attorneys' fees to
Defendants in the amount of $7,437.

On October 13, 2021, Plaintiff's counsel filed a Motion to
Withdraw.  The Court held a hearing on October 18, 2021, granted
counsels' Motion to Withdraw, and directed Plaintiff to determine
whether he would proceed *pro se* or obtain new counsel.

On November 22, 2021, the Court held a status conference to
determine whether Plaintiff intended to proceed *pro se* or with
counsel.  Plaintiff advised the Court that he was attempting to
find counsel.  The Court provided Plaintiff with contact
information for the Oregon State Bar and the Professional
Liability Fund for Plaintiff to secure new counsel.  Accordingly,
the Court set a telephone status conference on December 13, 2021,
to provide Plaintiff with additional time to obtain counsel.

The Court held a telephone status conference on December 13,
2021, but Plaintiff failed to join the telephone call.  In
response to the request of defense counsel during the conference
call, the Court directed Defendants to file a motion to require
Plaintiff to pay the attorney fees awarded to Defendants as a
condition of maintaining this action.

On December 22, 2021, Defendants filed a Motion to Require

6 - ORDER

Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action.

On December 23, 2021, the Court entered an Order advising Plaintiff that his Response to Defendants' Motion was due no later than January 12, 2022.

Plaintiff did not file any response by January 12, 2022.  On January 19, 2022, the Court contacted Plaintiff via email and advised Plaintiff that his response to Defendants' Motion was overdue, that Plaintiff must file a request for extension of time to file a response if he intended to file a response, and if he did not file a response the Court would rule on Defendants' Motion without any response from Plaintiff.

On January 19, 2022, Plaintiff requested via email that the Court appoint counsel.

On January 21, 2022, the Court issued an Opinion and Order in which it denied Plaintiff's request to appoint counsel noting Plaintiff had not established exceptional circumstances existed that required the appointment of counsel.  The Court also reviewed the procedural background of Defendants' Motion to Require Plaintiff Pay or Deposit Costs noting Plaintiff failed to provide information sought by Defendants in discovery, delayed providing information to Defendants, deleted relevant information from his social media, and made misleading representations during discovery.  The Court noted although Plaintiff was currently

7 - ORDER

unrepresented, he had been represented by counsel throughout discovery as well as during the course of Defendants' Motion to Compel, Defendants' Motion for Sanctions, and the Court's May 19, 2021, Opinion and Order that resulted in the award of attorneys' fees to Defendants in the amount of $7,437 as sanctions for Plaintiff's failure to comply with discovery.  Ultimately, the Court granted Defendants' Motion to Require Plaintiff Pay or Deposit Costs Previously Awarded as a Condition of Maintaining This Action; ordered Plaintiff to pay to Defendants or to deposit with the Court $7,437.00 no later than March 21, 2022; and advised Plaintiff that failure either to pay Defendants or to deposit funds with the Court would result in dismissal of this action for failure to comply with the Court's orders.

On March 22, 2022, Defendants filed a Notice in which they advised the Court that Plaintiff had not paid to Defendants or deposited with the Court $7,437.00.

On March 22, 2022, the Court entered an Order in which it noted Plaintiff's failure to comply with the Court's January 21, 2022, Order and directed Defendants to file a proposed form of Judgment dismissing this matter with prejudice for Plaintiff's failure to comply with the Court's Orders.

On March 28, 2022, Defendants filed a proposed form of Judgment.

On March 29, 2022, the Court received a voicemail message

from Plaintiff in which Plaintiff stated he does not understand the status of the case or the Court's Orders and he does not intend to pay any funds to Defendants or to defense counsel.

On March 29, 2022, the Court entered an Order in which it directed the clerk to provide to defense counsel a copy of Plaintiff's voicemail message; granted Defendants leave to file any response to Plaintiff's voicemail message by April 11, 2022; directed the clerk to send a copy of the March 29, 2022, Order by United States mail to Plaintiff; granted Plaintiff leave to file any formal objection to the proposed Judgment; and advised Plaintiff that if he wished to file a formal objection he must do so by filing it in the record no later than April 11, 2022. Finally, the Court noted it "does not intend to respond to any further telephone or email messages from Plaintiff." Order (#83) Mar. 29, 2022, at 9.

On April 6, 2022, Defendants filed a Response to Plaintiff's March 29, 2022, *Ex Parte* Voicemail in which they note defense counsel received an email from Plaintiff stating:

> WTF is going on?  I am disabled and not working
> because of your client.  I'm still with
> contractions [*sic*] for the DoD but I have not been
> able to go to work and will not be able to go to
> work because of a protective order that has been
> filed against me I do not understand what you are
> doing if you are trying to cause me discomfort
> after being injured you are adding insult to my
> injuries I'm telling you now if you don't stop
> your bullshit I am going to sue you personally.  I
> don't even live in the fucking state so I don't
> understand why you are continuing to file

> paperwork against me leave me the fuck alone.
> Your client is a fucking dirtbag I have been
> through three surgeries because of him I am going
> through more now and I am tired of all the fucking
> crap from you if you want to be an attorney be a
> fucking attorney but leave me the fuck alone.
> Find something else to do.

Decl. of Aaron Hisel, Ex. 1.  Defendants also point out that

Plaintiff made clear in his voicemail to the Court that he did

not want the Court to contact him further, he requested the Court

to "drop" his case or "whatever you got to do" to stop sending

him paperwork, asked the Court to "leave him . . . alone," and

stated he was not going to pay Plaintiff the funds as directed by

the Court.  Defendants assert this "repeated and ongoing conduct

. . . supports the appropriateness of the sanctions that have

been imposed and the dismissal of this action."  Defs.'s Resp. at

4.

Plaintiff did not file any objection to Defendants' proposed

Judgment in the Court record.  On April 12, 2022, however,

Plaintiff sent the following *ex parte* email to the Court:

> I have been trying relentlessly to obtain an
> attorney to help me with whatever it is paperwork
> that the court is asking me to submit, I have
> called the ombudsman office that was suggested and
> they returned my call saying that they had no idea
> why I was calling them and that they could not
> help me. I received paperwork today of the
> manuscript from our prior meetings that I forgot
> all about talking about my surgeries and my prior
> surgeries and something about my Facebook page
> that was shared by my attorney with the defense.
> My only response to that is that I have had
> multiple surgeries and had just got out of surgery
> the day before this officer assaulted me

10 - ORDER

aggressively re-entering me causing me to have
further surgeries and now permanent nerve damage
in my shoulders to a point where I cannot perform
my job. I don't know what kind of paperwork I am
supposed to send in I cannot get an attorney
because my attorney prior has demolished my case
where no other attorney will touch it. I was
fighting a losing battle from the beginning. One
against the defense and one against my own
attorney who was on the side of the defense. I
personally do not feel that this man should be
able to practice law any longer and I should have
taken notice of his repeated multiple failures and
threats on his life from other clients that he
freely disclosed to me up on talking to him while
conducting our interview. I don't know what I'm
supposed to do and I am at the advanced stages of
my dementia and I do not have the mental capacity
to continue on my own. I cannot comprehend things
the way that I am supposed to I only know that I
have been injured by a person that was supposed to
protect and uphold the law not break it. I know
that this email will reach our judge one way or
the other because it is required at this is a
public access email account. I'm only asking for
somebody to help me I have no idea what I am doing
if you need the new MRIs from my neurologist I can
supply them to you I am in the advanced stages of
my dimension and I'm only asking for the court to
help me as an American with a disability protected
by law. When the deputy had arrested me I still
had full sutures on me and dressings from my
surgery he should have known better than to pick
me up and body slam me and put me in an arm bar I
had a torn hamstring and I could barely walk as it
was. I have had more than 15 surgeries now and my
body is tired my mind is overtired I just want
some kind of repayment for all of the time and all
of the money that I have lost in my career as a
truck driver and owner with my own MC and my own
LLC I came to St Helens as a business owner to
spread my wealth among people that had less
Fortune than me only to end up as a criminal and
homeless now with nothing to show for it because
of the actions of the defense and now the
defendant.

On April 13, 2022, Plaintiff sent a second *ex parte* email to

11 - ORDER

the Court:

> In the letter that I received there is talk about my
> prior surgeries and there was no mention of that.  That
> is a false statement by the defense council.  I was
> instructed by my then attorney [Juan] Chavez not to
> talk about my prior injuries because they are from the
> scappoose [*sic*] Police department that injured me prior
> to deputy Dews.  Who was also at the scene of that
> incident when I was injured the first time he was the
> officer that placed the handcuffs on me while the other
> two officers beat me to a pulp dislocated my arms and
> ripped my arms out of my sockets twisted my leg tore my
> meniscus and then let me sit in a jail cell for 2 days
> for nothing.  I was at the local bar called The wigwam
> watching football because I did not have a television
> at my home and there was some patrons in the bar that
> ran out on $135 Tab.  I went in my car and found the
> drunk patron running down the sidewalk and asked him to
> come back to the bar and pay his tab and gave him a
> ride back to the bar.  I had not been drinking or
> anything and I was arrested for a DUI because the
> officer smelled alcohol in my vehicle.  Not to mention
> that my wife that was with me at the time was very
> intoxicated and that police force allowed those drunks
> to drive my car with my wife who was intoxicated back
> to my home unaccompanied which exposed her to extreme
> danger.  The defense counsel is not being completely
> forthcoming about their Discovery they have not given
> me any information that they have other than what you
> have sent me in these letters now.  Yes I had prior
> surgeries and yes I had just got out of surgery when I
> was assaulted by the defendant he had no right to do
> what he did to me due to the fact that the restraining
> order he was reacting to had already been dismissed by
> the court.  You will find no record of it anywhere.  It
> was just a ploy by my stepmother to keep me from taking
> possession of my stepfather's belongings after his
> passing on the 3rd of August of that year.  I am still
> in court for the other injuries that happened prior to
> the defendant assaulting me on this incident.

Plaintiff has consistently and repeatedly refused to comply

with this Court's Orders regarding communication with the Court,

paying sanctions, and discovery compliance.  Plaintiff has also

12 - ORDER

made clear that he does not intend to comply with the Court's Order to pay Defendants sanctions despite the Court's frequent and repeated explanations as to the reason for those sanctions. The Court, therefore, concludes dismissal of this matter with prejudice is reasonable and warranted due to Plaintiff's continual noncompliance with the Court's Orders.

IT IS SO ORDERED.

DATED this 14th day of April, 2022.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

13 - ORDER